# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS (CENTRAL DIVISION)

| | |
|---|---|
| ESTATE OF STEVEN GREY BRAINARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF CLINTON, ARKANSAS, et al. <br><br> Defendants. | CIVIL ACTION NO. 4:19-cv-00522-BSM |

## PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs, Estate of Steven Grey Brainard and Alissa Brainard (hereinafter, the "Plaintiffs"), by and through their undersigned attorney, hereby respond to the Defendants, City of Clinton, Arkansas and John Willoughby's Motion to Dismiss (hereinafter, the "Motion to Dismiss"), and state as follows:

### RESPONSE TO DEFENDANTS' ALLEGATIONS

1. The Plaintiffs do not dispute that the events occurring in Paragraphs 1 through 9, 13 through 16, and 19 through 23 occurred essentially in the manner that the Defendants, City of Clinton, Arkansas and John Willoughby (hereinafter, the "Defendants"), have presented them.

2. The Plaintiffs have no knowledge as to the veracity of Paragraphs 10, 18.

3. The Plaintiffs would also note that the allegation in Paragraph 11 goes both ways, and is particularly important, as will be discussed herein, given that **the Defendants had not sent any communications whatsoever to the Plaintiffs between June 14, 2021 and the filing of the Motion to Dismiss on July 16, 2021**.

4. The Plaintiffs argue that Paragraph 12 is specifically contradicted by Paragraphs 17 through 23.

5. Further, Paragraph 24 misstates the facts, as the Plaintiffs have properly objected to the discovery in question, and her sending requests for "supplemental" discovery responses do not overcome those objections.

6. With respect to Paragraphs 25 through 27, the Plaintiffs argue that they are misrepresented as applied to this case.

7. With respect to Paragraphs 28 through 29, the Plaintiffs admit that the Defendants' proposed/alternative relief of $235.00 and that the pending deadlines be delayed or stayed are reasonable responses to the specific situations of this case, particularly where significant discovery is likely to still be needed in this case.

## PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS

8. First off, it should be noted that generally, and *prior* to the inappropriate, unauthorized, and frivolous filing of the Motion to Dismiss, throughout this case, both the undersigned counsel and the Defendants' counsel have communicated cordially and professionally.

9. These communications have allowed each counsel to deal with multiple serious issues, such as Defendants' counsel's maternity leave, and the undersigned's period of recovery from major surgery of only a few months ago.

10. On July 16, 2021, after receiving the Motion to Dismiss, the undersigned immediately contacted the Defendants' counsel to state that she never received the Zoom link to the deposition, and that as a result, her now former paralegal had failed to add it to her calendar.

11. The undersigned also noted that she would have taken immediate steps to correct this error on July 1, 2021, had it been brought to her attention.

12. The undersigned also pointed out that Defendants' counsel had sent any emails, made any calls, or even made any attempts at communicating with the undersigned since June 14, over a month ago, and that she wished to reschedule the deposition.

13. Furthermore, the undersigned pointed out that the Motion to Dismiss was improper, failed to follow the Local Rules, and that there is no authority for a "motion to dismiss" like this under the federal rules.

14. Defendants' counsel never made any attempts whatsoever to comply with Local Rule 7.2 (g), which states:

> All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court. **If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule.** Repeated failures to comply will be considered an adequate basis for the imposition of sanctions.

(emphasis added).

15. As a result, and since it is irrefutable that the Motion to Dismiss lacks any statement or even any attempt to contact the undersigned to resolve the issues of the Plaintiff's deposition, this Court should summarily dismiss the Motion to Dismiss for failure to comply with Local Rule 7.2 (g).

16. Furthermore, given the fact that the undersigned requested that the Defendants' counsel withdraw the Motion to Dismiss, noting its failure to comply with the Local Rules or Federal Rules in general, the Plaintiffs would ask this Court to strike the Motion to Dismiss, and to consider sanctions with respect to the attorneys' fees used in response thereto.

## LEGAL DISCUSSION

### I. This Court has issued *no* discovery orders in this case, and as a result, dismissal is not available as relief.

To begin, there are numerous legal inaccuracies in the Defendants' brief in support of their Motion to Dismiss. Specifically, the Defendants cite to Rule 37 (b)(2)(A)(v) as authorizing dismissal as requested by the Defendants. However, that specific rule only applies to **failure to obey a discovery *order***, and there is nothing in the Federal Rules of Civil Procedure authorizing dismissal with or without prejudice, for a Plaintiff failing to appear at a single deposition. Here, the Defendants have *never* filed any motions to compel in this action, nor has this Court issued any discovery orders. Given the specific wording used in the brief, it is clear that the Defendants knew this, but wished to mislead this Court into granting relief that is unauthorized under the Rules. In short, there is no legal authority *whatsoever* for the granting of the Defendants' Motion to Dismiss.

Numerous federal courts around the country have noted that dismissal under Rule 37 (b)(2)(A)(v) requires that a discovery order compelling that discovery is a necessary predicate to such relief. The Eighth Circuit has noted that the Rule only allows dismissal as a sanction for failure to comply with the discovery orders of the trial court, stating that, "[a] prior order, however, is essential." Laclede Gas Co. v. G. W. Warnecke Corp., 604 F.2d 561, 565 (8th Cir. 1979); *See also*, Schleper v.

Ford Motor Co., 585 F.2d 1367, 1371 (8th Cir. 1978); Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999).

> This very Court has even stated the same, citing to Laclede Gas Co.:
>
>> To impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party. **In that there are no previous orders compelling Hartford to produce the documents and admissions at issue in this order, sanctions under Rule 37 are inappropriate at this time**.

Keaton v. Prop. & Cas. Ins. Co. of Hartford, 4:07-CV-634-BSM, 2008 WL 2519790, at *4 (E.D. Ark. June 20, 2008) (internal citations omitted) (emphasis added).

> Numerous other federal courts have noted similarly, such as:
>
>> On grounds independent of the merits, defendants urge that the government should be dismissed pursuant to Rule 37, F.R.Civ.P., for failure to disclose and produce certain documents. However, the sanctions set out in Rule 37 come into operation only upon the refusal of a party to obey an order of the court made under Rule 37(a). No application for such an order was made by the defendants and, therefore, the court cannot grant the relief requested.

United States v. Mensik, 381 F. Supp. 672, 679–80 (N.D. Ill. 1974) (internal citations omitted).

>> [Rule 37(b)] is captioned, "Failure to Comply with a Court Order," and it authorizes the court to issue sanctions, including dismissing the case, when "a party ... fails to obey an order to provide or permit discovery." Fed.R.Civ.P. 37(b)(2)(A). One typically needs to file a motion to compel discovery pursuant to Rule 37(a), or alternatively, some other discovery motion

> pursuant to some other rule, before the court—often times pursuant to a subsequent motion requesting sanctions—has occasion to issue sanctions under Rule 37(b) for failure to obey a court order providing or permitting discovery. In this case, no motion to compel discovery has been filed by the Faculty Defendants, no court-imposed discovery order has been entered by the court, and consequently, no court-imposed discovery order has been violated by Plaintiffs. […] On the particular facts and posture of present motion, there is no basis under Rule 37 for the sanctions the Faculty Defendants seek.

Doe v. Mastoloni, 307 F.R.D. 305, 309–10 (D. Conn. 2015) (internal citations omitted).

> The sanctions of Rule 37(b) are appropriate when a party has refused to obey an express court order to provide or permit discovery, but that is not this case.

Balistrieri v. Holtzman, 55 F.R.D. 470, 472 (E.D. Wis. 1972).

> As intervenor notes, neither the Magistrate nor this court have issued any order in connection with intervenor's responses to these interrogatories. The plain language of Rule 37(b)(2)(C) requires a court order compelling discovery before sanctions pursuant to the rule can be imposed. Consequently, dismissal on this ground is denied.

E.E.O.C. v. Tortilleria La Mejor, 758 F. Supp. 585, 586 (E.D. Cal. 1991).

In short, the Motion to Dismiss requests relief that is not authorized under the Federal Rules of Civil Procedure, and as a result, should be denied.

### II. There is no authority for file a motion to dismiss after answering a complaint.

Furthermore, there is no authority for filing a "motion to dismiss" at such a stage of litigation. Here, the Defendants filed an answer on October 30, 2019. [Dkt.

#20]. Notably, the Defendants did not cite upon which rule the Motion to Dismiss was filed, but generally, there is no authority for the filing of a "motion to dismiss" after answering a complaint. *See, ex.*, Pomianowski v. Merle Norman Cosmetics, Inc., 507 F. Supp. 435, 436 (S.D. Ohio 1980) ("At the threshold, the Court notes that Defendant's motion was made after answer and, therefore, is not technically a proper motion pursuant to F.R.C.P. 12(b).").

To the extent that courts are empowered in certain circumstances to treat an untimely motion to dismiss as a motion for summary judgment, the Plaintiffs would argue that no such proper summary judgement arguments are contained anywhere within the Motion to Dismiss. As such, it is an unauthorized motion, and this Court should strike it and/or deny it.

### III. The Motion to Dismiss fails to comply with Local Rule 7.2(g).

As noted previously, Defendants' counsel *also* never made any attempts whatsoever to comply with Local Rule 7.2 (g), which states:

> All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court. **If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule.** Repeated failures to comply will be considered an adequate basis for the imposition of sanctions.

(emphasis added).

Even when the Plaintiffs brought to the Defendants' attention that the Motion to Dismiss failed to follow the Local Rules, the Defendants insisted in their belief that it was proper and supported under the rules. As such, it is frivolous, and this Court should deny it or strike it.

WHEREFORE, the Plaintiffs respectfully request that this Court summarily deny and/or strike the Defendants' Motion to Dismiss, award the Plaintiffs sanctions in the form of attorney's fees expended in responding to the Motion to Dismiss, and for all other relief that this Court deems necessary.

Respectfully submitted,

Dated:      08/01/2020

_____
ROOK ELIZABETH RINGER, ESQ.
FL Bar No.: 1015698
LENTO LAW GROUP, P.A.
222 San Marco Ave., Ste. "C"
St. Augustine, FL 32084
(O):   904-602-9400 x 467
(F):   904-299-5400
reringer@lentolawgroup.com
*Attorney for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Rook Elizabeth Ringer, hereby certify that on August 1st, 2021, that a true and correct copy of the above and foregoing has been served upon the attorney of record referenced below, *via ECF*:

**Jenna Adams, Esq.**
Arkansas Municipal League
Post Office Box 38
North Little Rock, AR 72115-0038
501-374-3484
Email: jenadams@arml.org
*Attorney for Defendants*

*[signature: Rook Ringer]*

DATED:   08/01/2021

ROOK ELIZABETH RINGER, ESQ.
*Attorney for the Plaintiffs*